IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE MELLENDORF,<br><br>Plaintiff,<br><br>SP PLUS CORPORATION,<br><br>Defendant. | Case No. 1:20-CV-2734<br><br>**Trial by jury demanded.** |

## COMPLAINT

COMES NOW the Plaintiff, JULIE MELLENDORF, through her attorneys, Case + Sedey, LLC, and for her Complaint at Law against Defendant SP PLUS CORPORATION states as follows:

### Introduction

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended ("Title VII), the Family & Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., as amended ("FMLA"), and the Illinois Human Rights Act, 775 ILCS § 5/1-101 et seq., as amended ("IHRA").

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331 and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

## The Parties

3. Plaintiff Julie Mellendorf ("Plaintiff"), is a citizen of the United States and a resident of Munster, Indiana. At all relevant times Plaintiff worked for Defendant SP Plus Corporation and was an "employee" as defined by the aforementioned statutes.

4. Defendant SP Plus Corporation ("Defendant") is a foreign corporation registered and doing business in Chicago, Cook County, Illinois. At all relevant times, Defendant had more than fifteen employees and was an "employer" as defined by the aforementioned statutes.

## Factual Allegations

5. Plaintiff began working for Defendant on or around March 6, 2017 as a Staff Attorney in the company's corporate office located in Chicago, Illinois.

6. Plaintiff was successful in her role and consistently met and/or exceeded Defendant's performance expectations.

7. On or around November 28, 2017, Plaintiff informed Defendant's Deputy General Counsel Jerome Pate that she was pregnant with her first child. Mr. Pate did not congratulate Plaintiff. Instead, he responded by saying, "Oh wow."

8. From that point forward, Mr. Pate began to treat Plaintiff differently than he had before she disclosed her pregnancy and differently from her non-pregnant counterparts.

9. For instance, he no longer said good morning to her in the office as he did to her coworkers. He began to assign her much lower level and less complex assignments. And he became dismissive of her comments and contributions in staff meetings.

10. Additionally, on or around January 31, 2018, Mr. Pate issued Plaintiff a negative review for 2017. He rated her as passing under the legal department's "pass/fail" standard. However, he included a number of performance criticisms in her review and stated in the

comments that she was not meeting his expectations. Mr. Pate had never shared these criticisms with Plaintiff before and had not indicated that she was not adequately performing in her role.

11. Defendant did not award Plaintiff a bonus for 2017 or a pay increase for 2018. Upon information and belief, Plaintiff's non-pregnant counterparts in the legal department were awarded bonuses and pay increases.

12. On or around March 23, 2018, Plaintiff provided Mr. Pate her application for pregnancy-related leave under the FMLA. Mr. Pate responded that he had never before handled an FMLA leave application and did not now what to do with it.

13. Plaintiff then submitted her FMLA application to Defendant's Human Resources department.

14. On or around April 9, 2018, Defendant approved Plaintiff's application to take pregnancy related FMLA leave from May 19, 2018 through August 8, 2018.

15. Then, just four days later, Mr. Pate met with Plaintiff and informed her that Defendant was eliminating her position effective July 31, 2019 – just one week before her FMLA leave was scheduled to end.

16. Mr. Pate indicated that he wanted to give Plaintiff early notice so that she would "have time to find another job." Plaintiff was 35 weeks pregnant at the time.

17. Defendant claimed that it was eliminating her position because it was purchasing contract management software and, as a result, it could no longer afford her position.

18. Defendant had been planning to purchase contract management software since before it hired Plaintiff. Mr. Pate referenced the future purchase of contract management software at Plaintiff's interview. At no time during Plaintiff's employment did Mr. Pate or anyone else at Defendant suggest that purchasing the software would result in a reduction in force.

19. Plaintiff's was the only position in the legal department eliminated at that time.

20. Defendant had hired a Paralegal just weeks before notifying Plaintiff of her termination.

21. Further, Defendant was advertising for a vacant Staff Attorney position at the time it notified Plaintiff that her position was being eliminated.

22. Since terminating Plaintiff, Defendant has hired at least one additional attorney in its legal department.

### Administrative Prerequisites

23. On September 18, 2018, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") alleging pregnancy discrimination (Charge No. 2019CF0497).

24. That charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 21BA90022).

25. Plaintiff received a Notice of Substantial Evidence from the IDHR on February 18, 2020.

26. Plaintiff received a Notice of Right to Sue from the EEOC on February 24, 2020.

### COUNT I
### PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

27. Plaintiff incorporates by reference the preceding paragraphs 1-26 as though fully set forth in this Count I.

28. Defendant intentionally discriminated against Plaintiff based on her pregnancy in violation of Title VII by subjecting her to disparate expectations and treatment as compared to her non-pregnant counterparts, by denying her a raise and a bonus, and by terminating her employment.

Case: 1:20-cv-02734 Document #: 1 Filed: 05/06/20 Page 5 of 7 PageID #:5

29. Defendant engaged in the aforesaid discriminatory acts with malice and/or with reckless indifference to Plaintiff's federally protected rights under Title VII.

30. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliation, embarrassment and future lost income and benefits.

**WHEREFORE,** Plaintiff requests that this Court:

> A. Enter a finding that Defendant discriminated against her based on her pregnancy in violation of Title VII;
>
> B. Enter a finding that Defendant engaged in pregnancy discrimination with malice and reckless indifference for Plaintiff's rights under Title VII;
>
> C. Award her lost wages, lost benefits, and, if applicable, front pay;
>
> D. Award her compensatory and punitive damages;
>
> E. Award her prejudgment interest;
>
> F. Award her reasonable attorneys' fees and costs; and
>
> G. Award her any further relief that the Court may deem just and appropriate.

## COUNT II
## PREGNANCY DISCRIMINATION IN VIOLATION OF THE IHRA

31. Plaintiff incorporates by reference paragraphs 1-26 as though fully set forth in this Count II.

32. Defendant intentionally discriminated against Plaintiff based on her pregnancy in violation of the IHRA by subjecting her to disparate expectations and treatment as compared to her non-pregnant counterparts, by denying her a bonus and raise, and by terminating her employment.

33. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliation, embarrassment, and future lost income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendant discriminated against her based on her pregnancy in violation of the IHRA;

B. Award her lost wages, lost benefits, and, if applicable, front pay;

C. Award her compensatory and damages;

D. Award her prejudgment interest;

E. Award her reasonable attorneys' fees and costs; and

F. Award her any further relief that the Court may deem just and appropriate.

## COUNT III
## DISCRIMINATION/RETALIATION IN VIOLATION OF THE FMLA

34. Plaintiff incorporates by reference the preceding paragraphs 1-26 as though fully set forth in this Count III.

35. Plaintiff was an eligible employee as defined by the FMLA.

36. Plaintiff exercised her rights under the FMLA when she applied for FMLA-protected leave in relation to her pregnancy.

37. Defendant knowingly, intentionally and willfully discriminated and/or retaliated against Plaintiff for exercising her rights under the FMLA when, less than one month later, it notified Plaintiff that the company was eliminating her position and terminating her employment effective one week before she was scheduled to return from leave.

38. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, and future lost income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter a finding that Defendant discriminated and/or retaliated against her in violation of the FMLA;

B. Enter a finding that Defendant engaged in the discrimination and/or retaliation intentionally and/or willfully;

C. Award her lost wages, lost benefits, and, if applicable, front pay;

D. Award her liquidated damages;

E. Award her reasonable attorneys' fees and costs; and

F. Award her any further relief that the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully Submitted,

JULIE MELLENDORF

By: /s/ Kate Sedey
One of Plaintiff's Attorneys

Kate Sedey
Kristin M. Case
Case + Sedey, LLC
250 South Wacker Dr., Ste. 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Fax (312) 920-0800
ksedey@caseandsedey.com